**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:11-CV-00475-M**

**KFC CORPORATION**                                                              **PLAINTIFF**

**V.**

**KUBAIR M. KAZI, LOUISIANA RESTAURANT
GROUP, INC., KAZI FOODS, INC., and
KHATIJA KAZI a/k/a KHATIJA KAZI**                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff KFCC's Motion to Enforce Settlement Agreement to Close the Woodland Hills Restaurant [DN 56]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

Defendants are franchisees of KFC Corporation ("KFCC"). They operate numerous KFC stores across the United States, including three stores in California. On May 2, 2011, Defendants' franchise agreements for the California stores were terminated when Defendants failed to comply with the agreements' express conditions and several remodel agreements. (See Compl. [DN 1] ¶¶ 52–70.) In August 2011, KFCC brought this lawsuit against Defendants, alleging that they violated their franchise agreements with respect to the California stores. (See id. ¶¶ 80–96.) Thereafter, the parties engaged in settlement discussions, ultimately executing a Settlement Agreement on May 8, 2012. The parties' Settlement Agreement was made part of an Agreed Judgment [DN 30] in this case, ensuring that the Court would retain jurisdiction to resolve disputes related to the settlement.

As part of the Settlement Agreement, KFCC reinstated Defendants' franchise agreements for the three California stores, conditioned on Defendants remodeling the stores by certain deadlines.

(See Settlement Agreement [DN 34] ¶ 4.) With respect to the remodeling, the Settlement Agreement provided that Defendants could elect which two of the three stores to remodel within a six-month time frame. Remodeling of the remaining store had to be completed within a nine-month time frame. (Id. ¶ 4(a).) Defendants elected to remodel the Woodland Hills Restaurant, ID #H730069, within the nine-month time frame, meaning that Defendants had to complete the remodeling by February 8, 2013. (See Aff. of Timothy M. Rook [DN 56-4] ¶ 3.) Defendants, however, did not even begin to remodel the Woodland Hills Restaurant by that date. (See id. ¶¶ 4–5; Termination Letter [DN 56-3].)

The Settlement Agreement provides the consequences for Defendants' failure to timely remodel. In Paragraph 4(c), the Settlement Agreement states:

> If the upgrade actions set forth in paragraph (a) above are not completed within the Time Frame for any California Stores, the Respective Franchisees must close and complete for each non-upgraded California Store the De-Image Obligations as described in paragraph 12 below no later than thirty (30) calendar days after the respective Time Frame.

(Settlement Agreement [DN 34] ¶ 4(c).) Despite this language, Defendants have neither closed the Woodland Hills Restaurant nor completed the de-image obligations described in Paragraph 12 of the Settlement Agreement. Instead, Defendants continue to operate the Woodland Hills Restaurant. (See Aff. of Timothy M. Rook [DN 56-4] ¶ 3.)

## II. DISCUSSION

In this case, KFCC has moved to enforce the parties' Settlement Agreement, asking the Court to order the closing of the Woodland Hills Restaurant. In support, KFCC maintains that Defendants have breached their obligation under Paragraph 4 of the Settlement Agreement by failing to timely remodel the restaurant. KFCC further argues that due to this failure, Defendants are operating the restaurant despite the expiration of their franchise agreement, infringing on KFCC's trademarks in

violation of the Lanham Act. (KFCC's Mem. in Supp. of its Mot. to Enforce Settlement Agreement Requiring Defs. to Close the Woodland Hills Rest. [DN 56-1] 4–5.) The Settlement Agreement mandates that Defendants close and de-image the Woodland Hills Restaurant when there has been a failure to timely complete remodeling. (Settlement Agreement [DN 34] ¶ 4(c).) Thus, the Court finds that summary enforcement of the Settlement Agreement is appropriate. There is no substantial dispute regarding the parties' agreement as to all of its terms and conditions. See Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001).

The Court notes that in response to KFCC's motion, Defendants argue that "the status of the Woodland Hills restaurant is expected to be among the matters considered by the parties to this case during a full day of mediation set for June 24, 2013 with the Hon. Ann Shake." (Defs.' Resp. to Pl.'s Mot. to Enforce J. to Close Woodland Hills Rest. [DN 57] 1.) The Court finds, however, that despite the pending mediation, Defendants were not excused from substantively responding to the present motion. Defendants have pointed to no authority suggesting otherwise. As such, the Court **GRANTS** KFCC's motion. Defendants are required to immediately close and de-image the Woodland Hills Restaurant in accordance with the Settlement Agreement's requirements.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that KFCC's Motion to Enforce Settlement Agreement to Close the Woodland Hills Restaurant [DN 56] is **GRANTED**. Defendants are required to immediately close and de-image the Woodland Hills Restaurant.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 15, 2013

cc: counsel of record