**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:11-CV-00475-M**

**KFC CORPORATION**                                                                                          **PLAINTIFF**

**V.**

**KUBAIR M. KAZI, LOUISIANA RESTAURANT**
**GROUP, INC., KAZI FOODS, INC., and**
**KHATIJA KAZI a/k/a KHATIJA KAZI**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff KFCC's Motion to Enforce Settlement Agreement to Close the California Stores [DN 48]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

Defendants are franchisees of KFC Corporation ("KFCC"). They operate numerous KFC stores across the United States, including three stores in California. On May 2, 2011, Defendants' franchise agreements for the California stores were terminated when Defendants failed to comply with the agreements' express conditions and several remodel agreements. (See Compl. [DN 1] ¶¶ 52–70.) In August 2011, KFCC brought this lawsuit against Defendants, alleging that they violated their franchise agreements with respect to the California stores. (See id. ¶¶ 80–96.) Thereafter, the parties engaged in settlement discussions, ultimately executing a Settlement Agreement on May 8, 2012. The parties' Settlement Agreement was made part of an Agreed Judgment [DN 30] in this case, ensuring that the Court would retain jurisdiction to resolve disputes related to the settlement.

As part of the Settlement Agreement, KFCC reinstated Defendants' franchise agreements for the three California stores, conditioned on Defendants remodeling the stores by certain deadlines.

(See Settlement Agreement [DN 34] ¶ 4.) With respect to the remodeling, the Settlement Agreement provided that Defendants could elect which two of the three stores to remodel within a six-month time frame. Remodeling of the remaining store had to be completed within a nine-month time frame. (Id. ¶ 4(a).) Defendants elected to remodel the Arleta Restaurant, ID #H730008, and the Baldwin Park Restaurant, ID #H730109, within the six-month time frame, meaning that Defendants had to complete their remodeling by November 8, 2012. (See Aff. of Timothy M. Rook [DN 48-5] ¶¶ 3–4.) Before that deadline expired, Defendants requested a three-week extension. KFCC agreed to extend the deadline until November 29, 2012. (See id. ¶ 4; Def.'s Resp. [DN 51] 4.) However, Defendants did not even begin to remodel the stores by that date. (See Aff. of Timothy M. Rook [DN 48-5] ¶ 5; Termination Letter [DN 48-4].)

The Settlement Agreement provides the consequences for Defendants' failure to remodel in a timely manner. In Paragraph 4(c), the Settlement Agreement states:

> If the upgrade actions set forth in paragraph (a) above are not completed within the Time Frame for any California Stores, the Respective Franchisees must close and complete for each non-upgraded California Store the De-Image Obligations as described in paragraph 12 below no later than thirty (30) calendar days after the respective Time Frame.

(Settlement Agreement [DN 34] ¶ 4(c).) Despite this language, Defendants have neither closed the California stores nor completed their de-image obligations. Instead, Defendants continue to operate the stores. (See Aff. of Timothy M. Rook [DN 48-5] ¶¶ 7–9.)

## II. DISCUSSION

In this case, KFCC has moved to enforce the parties' Settlement Agreement, asking the Court to order the closing of both the Arleta and the Baldwin Park Restaurants. In support, KFCC argues that Defendants have breached their obligations under Paragraph 4 of the Settlement Agreement by

failing to timely remodel the stores. KFCC also argues that due to this failure, Defendants are operating both stores despite the expiration of their franchise agreements, infringing on KFCC's trademarks in violation of the Lanham Act. (KFCC's Mem. in Supp. of its Mot. [DN 48-1] 7–8.) The parties do not dispute that the Settlement Agreement requires Defendants to close and de-image the stores when there has been a failure to timely complete remodeling. (Settlement Agreement [DN 34] ¶ 4(c).) They also do not dispute that several months have passed since Defendants were required to have completed the stores' remodeling.

In response to KFCC's motion, Defendants argue that Paragraph 4(b) of the Settlement Agreement "provides for extensions of the six month time frame where there has been a permitting delay." (Defs.' Resp. [DN 51] 2.) According to Defendants, staffing shortages and significant delays within the permitting entities have caused their failure to remodel the stores in the pertinent time frame. (Decl. of Stephen E. Poludniak [DN 51-1] ¶¶ 5–6.) Defendants assert that the permitting entities have informed them that it may be several more months before permits are issued. Thus, Defendants contend that an extension of time for the permitting delay is appropriate. (Id.)

However, the Court finds that under the Settlement Agreement's clear terms, a delay by the permitting authorities does not automatically excuse Defendants' failure to meet the remodeling deadline. Paragraph 4(b) of the Settlement Agreement provides:

> To claim an exception to the Time Frame and remodel deadlines . . . based on a permit delay, the Respective Franchisees must provide documentation that they: (i) applied for the building and other necessary permits within one (1) calendar week of KFCC's approval and receipt by the Respective Franchisee of the architect's specifications and drawings and exercised best efforts in taking all other steps necessary to obtain the necessary permits, and (ii) satisfied all permit requirements within one week after a request by the permitting entity. If the Respective Franchisee satisfies the above conditions in (i) and (ii) to KFCC's reasonable satisfaction within one (1) calendar week from the Respective Franchisee's notice of a permit delay, the Time Frame will be increased pro rata as to the affected Restaurant for the duration

> of the specific delay. If both conditions in (i) and (ii) are not satisfied within one (1) calendar week from such notice, the permit delay will be deemed unreasonable. Any unreasonable permit delay or delay based on the Respective Franchisees' actions or inactions that results in a failure to remodel within the respective Time Frame shall be a basis for termination of the Franchise Agreements applicable to the affected Restaurant(s).

(Settlement Agreement [DN 34] ¶ 4(b).) Under this language, Defendants must satisfy two conditions in order to claim an exception to the Time Frame based on a permit delay. First, Defendants must provide documentation that they applied for permits within one week of KFCC's approval of the architect's specifications. Second, documentation must be provided that Defendants satisfied all permit requirements within one week after a permitting entity's request. The documentation must be provided within one week from their notice of a permit delay. (Id.)

In its motion to enforce the Settlement Agreement, KFCC argues that Defendants have never provided documentation that there was a permit delay. Additionally, KFCC argues that Defendants have failed to provide documentation "that they timely applied for the building and other necessary permits . . . that they exercised best efforts in taking all other steps necessary to obtain the necessary permits . . . [or] that they satisfied all permit requirements within one week after a request by a permitting entity." (Aff. of Timothy M. Rook [DN 48-5] ¶ 11.) Defendants have offered no evidence contesting these facts.[1]

According to Defendants, KFCC approved Defendants' remodeled drawings on September 17, 2012, which required them to apply for building permits within one week—by September 24, 2012. (Defs.' Resp. [DN 51] 3.) Thereafter, Defendants requested and were granted a three-week extension until October 15, 2012. Defendants admit that despite this extension, they failed to meet

---

[1] In fact, Defendants do not argue that they have provided any documentation to KFCC relating to a permitting delay either prior to, or after, the November 29, 2012 deadline to complete remodeling.

4

the intermediate deadline, as they did not submit the Arleta application until October 25, 2012 and did not submit the Baldwin Park application until October 29, 2012. (Id.)  Thus, the first condition required in order to claim an exception to the Time Frame under Paragraph 4(b) was not satisfied. Under the parties agreement, the permit delay is deemed unreasonable.

Defendants suggest that this analysis is contrary to the parties' intent. Defendants highlight that the Settlement Agreement explicitly states that the franchise agreements shall be terminated for "any unreasonable permit delay or delay based on the Respective Franchisees' actions or inactions *that results in a failure to remodel within the respective Time Frame*." (Settlement Agreement [DN 34] ¶ 4(b) (emphasis added).) According to Defendants, the delay is not based on their actions or inactions. Instead, staffing shortages and significant delays within the permitting entities have resulted in the failure to timely remodel the stores—not their "minimal delay in submission." Defendants thus argue that terminating their franchise agreements is improper. Defendants cite Keliher v. Cure, 534 N.E.2d 1133 (Ind. Ct. App. 1989), for the proposition that a preliminary, collateral deadline provision is not "of the essence," even where a contract includes general language that time is of the essence. The Court finds, however, that this case is inapposite.

In Keliher v. Cure, an Indiana court held that a purchase agreement containing a "time is of the essence clause" was extended beyond the date set for the prospective purchaser's fulfillment of a financing condition. Id. at 1136. In so doing, however, the court relied heavily on the fact that "all parties to the transaction . . . considered the purchase agreement viable notwithstanding that the February 6 date had come and gone." Id. at 1136. Here, Defendants have pointed to no evidence indicating that KFCC considered the franchise agreements to be valid even though they missed the intermediate deadline for submitting the permit applications. Defendants' reliance on this case is,

therefore, without merit.

The Court reads Paragraph 4(b) to provide for the termination of the franchise agreements in two situations: (1) when there has been any unreasonable permit delay, as defined in Paragraph 4(b); and (2) when there has been any other kind of delay that is based on the franchisee's actions or inactions. In other words, any unreasonable permit delay that results in a failure to remodel within the time frame is grounds for termination of the franchise agreements. Any other kind of delay must be based on the franchisee's actions or inactions before it can give rise to termination. Here, there can be no question that the permit delay, which the parties agreed beforehand would be unreasonable, has resulted in a failure to remodel within the time frame. As such, it provides a basis for termination of the franchise agreements.

The Court notes that Defendants' argument pertaining to "formal notice" is without merit. In this regard, Defendants contend that they have not received "formal notice" of a delay by the permitting authorities. Defendants further contend that they are not required to—and simply cannot—request that KFCC extend the remodeling deadlines until "formal notice" is given. (Defs.' Resp. [DN 51] 2.) In support, Defendants state that formal notice is required because they "do not yet know the potential duration of the permitting delay and because they cannot certify that no further actions by Defendants will be required in order for the permits to be issued . . . ." (Defs.' Resp. [DN 51] 2.) As KFCC correctly notes, however, Paragraph 4(b) of the Settlement Agreement neither mentions nor requires "formal notice." Instead, it requires Defendants to satisfy Paragraph 4(b) within one week of receiving "notice" of a permit delay. (See Settlement Agreement [DN 34] ¶ 4(b).) Without a special contractual definition of the word "notice," the Court finds that it takes on its ordinary meaning of "knowledge, acquired in whatever manner and for whatever purpose, of

facts which would operate on the mind of any rational man of business, and make him act with reference to knowledge he has so acquired . . . ." Sentry Safety Control Corp. v. Broadway & 4th Ave. Realty Co., 124 S.W.2d 1051, 1055 (Ky. 1939) (citation omitted). Here, Defendants admit that they had actual knowledge that there would be delays throughout the permit review and approval processes. (See Declaration of Stephen E. Poludniak [DN 51-1] ¶¶ 5–6.) Despite this knowledge, Defendants nevertheless failed to provide any documentation to KFCC of the permitting delay.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that KFCC's Motion to Enforce Settlement Agreement to Close the California Stores [DN 48] is **GRANTED**. Defendants are required to immediately close and de-image the Arleta Restaurant and Baldwin Park Restaurant.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 22, 2013

cc: counsel of record